**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 2000**

**FILED**

March 31, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **M1998-00092-CCA-R3-CD** |
| | ) | |
| **Appellee,** | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | |
| **MICHAEL A. DANIEL,** | ) | **HON. FRANK G. CLEMENT,** |
| | ) | **JUDGE** |
| **Appellant.** | ) | |
| | ) | **(Sentencing)** |

**FOR THE APPELLANT:**

DAVID L. RAYBIN
SunTrust Center, Suite 2210
424 Church Street
Nashville, TN 37219

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General and Reporter

LUCIAN D. GEISE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

EDWARD S. RYAN
Assistant District Attorney General
Washington Square, Suite 500
Nashville, TN 37201-1649

OPINION FILED _____

SENTENCE MODIFIED

**DAVID H. WELLES, JUDGE**

# **OPINION**

The Defendant appeals from the sentences imposed by the trial court. He was convicted, upon his pleas of guilty, of three counts of vehicular homicide by intoxication. The trial judge sentenced him to three concurrent terms of twelve years in the Department of Correction. On appeal, the Defendant argues that the trial court erred in its application of certain enhancement factors, and therefore the sentence of twelve years for each conviction is excessive. We modify the sentences imposed by the trial court.

The Defendant's convictions are the result of the violent collision of two vehicles which occurred on Donelson Pike in Nashville at approximately 1:25 a.m. on November 23, 1997. A pickup truck driven by the Defendant crossed the center line of the roadway into oncoming traffic and collided head-on with a Volkswagon Beetle in which three young men were traveling. Two of the young men were pronounced dead at the scene of the accident. The third young man died shortly thereafter at the hospital. A blood sample drawn from the Defendant approximately one hour after the collision showed a blood alcohol content of .18 percent.

The Defendant pleaded guilty to three counts of vehicular homicide as the proximate result of intoxication, each offense being a Class B felony.[1] Sentencing was left to the discretion of the trial judge. After conducting a sentencing hearing, the judge sentenced the Defendant on each count to twelve years in the Department of Correction to be served as a Range I offender, which

---

[1] See Tenn. Code Ann. § 39-13-213.

is the maximum term authorized by law for each of for the Defendant's crimes. The sentences were ordered served concurrently. It is from the sentences imposed by the trial court that the Defendant appeals.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have

preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

At the sentencing hearing the State presented testimony and other evidence concerning the deadly and tragic collision which occurred when the Defendant's vehicle crossed the center line and struck the victims' vehicle. Testimony from members of the victims' families and letters submitted by other members of the victims' families were received into evidence, demonstrating the great personal loss suffered by the victims' families as a result of the Defendant's actions. All three victims had very promising futures. Two of them were law students at Vanderbilt University. The trial judge noted that the Defendant had caused the death of "three very bright shining stars." From our review of the record, this characterization appears to be entirely accurate.

At the time of sentencing the Defendant was thirty-nine years old. He is a high school graduate who has also received extensive vocational training. The presentence report reflects that the Defendant is married and has two children, who, at the time of sentencing, were eight and eleven years old. At the time of sentencing the Defendant had been employed at the Nissan Motor Manufacturing facility in Smyrna for over thirteen years. Prior to that he was employed at Alladin Industries for seven years. His prior criminal history consists of a conviction for DUI in 1991.

The Defendant's supervisor at the Nissan Motor Manufacturing Company testified that the Defendant was an excellent employee, who was dependable and capable. Members of the Defendant's family testified in support of the Defendant.

He was described as a very caring and hard-working family member who was a good provider for his family. These witnesses also testified concerning the feelings of remorse and regret which the Defendant has for his crimes.

The Defendant also presented testimony from Dr. William H. Anderson, a licensed clinical psychologist. Dr. Anderson testified that he performs work as an alcohol and drug abuse counselor. The Defendant was referred to Dr. Anderson by his attorney shortly after the accident. Dr. Anderson testified that the Defendant was remorseful and suffered from depression concerning the deaths of the victims. Dr. Anderson stated that he had performed certain tests, had evaluated the Defendant, and had diagnosed him as a probable alcoholic. He said the Defendant was very receptive to his counseling and his treatment for the disease of alcoholism. He stated that the Defendant never missed an appointment, that the Defendant had become involved in Alcoholics Anonymous and that the Defendant remained in a "recovery program."

The Defendant testified at his sentencing hearing. He stated that on the Saturday immediately preceding the accident he had worked his usual twelve-hour shift at Nissan, as he had also done the preceding Friday. He had also worked overtime on Wednesday and Thursday of that week and was going to school part-time at Nashville State Technical Institute during this period of time. That Saturday morning, he had gotten up at about 4:40 a.m. and reported to work at 6:00 a.m. His shift that Saturday evening ended about 6:30 p.m. A group of family members and friends were having a party that evening. After he got off from work he decided to attend the party, even though he was tired. He arrived at the party around 8:30 p.m. He said that during the approximate four-hour

-5-

period he was at the party, he consumed about five mixed daiquiri drinks. He left the party sometime after midnight and started on the approximate eighteen-mile drive back to his home. He was about five miles from his home when his truck collided with the volkswagon. The Defendant expressed his remorse for his crimes and described the effect the events had on his life. He said that he had become convinced that he was an alcoholic and stated that he had not consumed any alcohol since the night of the tragic accident which took the lives of the three young men.

For sentencing purposes, the Defendant clearly meets the criteria for a Range I standard offender. As noted by the trial judge, the sentencing range established by our legislature for a Range I standard offender convicted of a Class B felony is a minimum of eight years and a maximum of twelve years. Tenn. Code Ann. § 40-35-112(a)(2). If there are no enhancement or mitigating factors, the presumptive sentence is the minimum sentence in the range. Id. § 40-35-210(c). If there are enhancement and mitigating factors, the sentencing court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the statutory enhancement factors, and then reduce the sentence within the range as appropriate for the statutory mitigating factors. Id. § 40-35-210(e). If there are enhancement factors but no mitigating factors, then the court may set the sentence above the minimum but still within the range. Id. § 40-35-210(d).

In sentencing the Defendant to the maximum term of twelve years for each offense, the trial judge found and applied three enhancement factors: (1) that the Defendant has a previous history of criminal convictions or criminal behavior in

addition to those necessary to establish the appropriate range; (2) the offense involved more than one victim; and (3) the Defendant had no hesitation about committing a crime when the risk to human life was high. Id. § 40-35-114(1), (3), (10).

The Defendant's prior conviction for DUI supports application of the first enhancement factor because it establishes the Defendant's history of one previous criminal conviction. The Defendant concedes that the trial judge was correct in applying this enhancement factor. See id. § 40-35-114(1).

The Defendant argues that the trial judge erred in applying as an enhancement factor that the offense involved more than one victim. Id. § 40-35-114(3). He argues that this enhancement factor cannot apply because there is a separate conviction for each of the victims of vehicular homicide. The State concedes that the trial court erred by applying this enhancement factor. This Court has consistently held that this factor may not be applied to enhance a sentence when a Defendant is separately convicted of the offense committed against each victim. State v. Lambert, 741 S.W.2d 127, 134 (Tenn. Crim. App. 1987); State v. Williamson, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995); State v. Freeman, 943 S.W.2d 25, 31 (Tenn. Crim. App. 1996). We must therefore conclude, as the State concedes, that the trial judge erred in applying this enhancement factor.

The Defendant also argues that the trial judge erred by applying the enhancement factor that the Defendant "had no hesitation in committing a crime

when the risk to human life was high." Tenn. Code Ann. § 40-35-114(10). The trial judge explained his application of this enhancement factor by stating,

> Now the crime was the drinking and then driving and the reason you can't do that is that after you have been drinking, then you are no longer in the position of making an informed decision of should I drive. Then the crime, you can't say, well, I had been drinking too much and, therefore, I really didn't know that I shouldn't have been driving; that doesn't work and that is an enhancement factor. So that, too, works against the defendant.

It appears from the trial judge's comments that he applied this enhancement factor to the Defendant's conviction for vehicular homicide based upon the Defendant's actions of driving while under the influence of an intoxicant. Our legislature has clearly recognized that DUI is a serious offense. It is one of the few offenses, other than Class A felonies, which carries mandatory jail time. See id. § 55-10-403. Furthermore, beginning in 1995, our legislature provided that when a vehicular homicide occurs because of a driver's intoxication, the offense is a Class B felony, punishable by a sentence range of eight to twelve years for a standard offender. See id. §§ 39-13-213(b), 40-35-112(a)(2). For the same offender, vehicular homicide which is not the result of intoxication is a Class C felony, punishable by a range of three to six years. See id. §§ 39-13-213(b), 40-35-112(a)(3).

Our legislature has also provided that statutory enhancement factors may be applied if appropriate for the offense, but enhancement factors may not be applied if the factors are "themselves essential elements of the offense as charged in the indictment." Id. § 40-35-114. To the extent that the trial judge enhanced the Defendant's sentence based upon his conduct in driving while under the influence of an intoxicant, we must conclude that the judge erred. The

legislature considered driver intoxication as a sentence enhancer when it increased the sentencing range for vehicular homicide by reason of intoxication from a range of three to six years to a range of from eight to twelve years. We do not believe the legislature intended that the same conduct be considered to again enhance a defendant's sentence within the range.

Nevertheless, this Court has held that enhancement factor (10) may be properly considered if the Defendant's crime created a high risk to the lives of individuals other than the victim(s). See State v. Bingham, 910 S.W.2d 448, 452-53 (Tenn. Crim. App. 1995); State v. Lambert, 741 S.W.2d 127, 134 (Tenn. Crim. App. 1987). At the time the Defendant's vehicle collided with the victims' vehicle, two friends of the victims were traveling in a separate vehicle in the lane next to the victims' Volkswagon. The driver of the other vehicle testified that he saw the Defendant's truck veer into the lane in which the Volkswagon was traveling. He stated that it happened "all of a sudden" and that it startled him when he saw the truck. He said that he had to swerve and that he "saw the truck hit the volkswagon." Based on our review, we conclude that the record does support a finding that the Defendant created a high risk to the lives of the two individuals traveling in this vehicle.

In this case, if there were no enhancement factors applicable to the Defendant's sentences, our law would mandate a sentence of eight years for each conviction. The trial judge applied three enhancement factors and sentenced the Defendant to the maximum of twelve years for each offense. We have concluded that the trial judge erred in his application of one of the three

enhancement factors. We conclude that the judgment of the trial court should be modified to reflect a sentence of ten years for each conviction.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE